UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOAN Z. DOYLE FAMILY TRUST, *et al.*,

    Petitioners,

v.

TOWN OF HANOVER, *et al.*,

    Respondents.

23-CV-970-LJV
DECISION & ORDER

---

On August 4, 2023, the petitioners—the Joan Z. Doyle Family Trust and its trustee, Kevin M. Doyle—commenced this action in New York State Supreme Court, Chautauqua County, under N.Y. C.P.L.R. Article 78 and 42 U.S.C. § 1983. Docket Item 2-1 (petition). On September 14, 2023, seven of the eight respondents—the Town of Hanover; the Town of Hanover Town Board; the Town of Hanover Zoning Board of Appeals ("Hanover ZBA"); Paul Rozewicz, Chairman of the Hanover ZBA; Vincent Gugliuzzo, Code Enforcement Officer for the Town of Hanover; Jeanne Ebersole, Town Assessor for the Town of Hanover; and Todd Johnson, Town Supervisor for the Town of Hanover (the "removing respondents")—removed the action to this Court under 28 U.S.C. § 1441. Docket Item 1. The eighth respondent—Brandyn Griewisch, Fire Chief for the Town of Hanover—did not join the notice of removal. *See id.*

On October 13, 2023, the petitioners moved to remand the action to state court. Docket Item 7. On October 23, 2023, the removing respondents responded, Docket Item 9; and on October 30, 2023, the petitioners replied, Docket Item 10.

For the reasons that follow, the petitioners' motion to remand is granted.

**BACKGROUND**[1]

The petitioners here seek, *inter alia*, an order "annul[ling] the June 20, 2023[,] decision of [the Hanover ZBA] denying [their] application for an area variance for the property located at 1233 Front Street" in Hanover, New York.  Docket Item 2-1.

After filing the petition, the petitioners served the respondents on August 17 and 18, 2023.  Docket Item 1-2 (affidavits of service).  The removing respondents removed the action to this Court on September 14, 2023—27 days after service of the last respondent.  Docket Item 1.  But respondent Griewisch did not join in the removal or file anything indicating his consent to remove the case.  Nor did the notice of removal say that Griewisch joined.  *See id.*  Instead, the removing respondents attached to the notice of removal a copy of an email from Griewisch's attorney consenting on Griewisch's behalf.  Docket Item 1-4.

The petitioners moved to remand the action to state court on October 13, 2023.  Docket Item 7.  Five days later—and 61 days after the last respondent was served—Griewisch filed a notice consenting to removal.  Docket Item 8.

---

[1] When considering a motion to remand, courts "generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when [the] defendant files the notice of removal," *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006) (citation omitted), and "assume the truth of non-jurisdictional facts alleged in the complaint," *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021) (citation omitted).  Courts also "may consider materials outside [] the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's . . . analysis." *Id.* (citation omitted).  The following facts are drawn from the petition and the parties' other filings.

## LEGAL PRINCIPLES

"Section 1441(a) permits a defendant to remove a case from state court to federal court, so long as certain requirements are satisfied." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (citing 28 U.S.C. § 1441(a)). One such requirement is that the notice of removal "'be filed within 30 days after the receipt by the defendant' of the initial pleading or summons, 'whichever period is shorter.'" *Id.* (quoting 28 U.S.C. § 1446(b)(1)). Within that 30-day removal period, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* (quoting 28 U.S.C. § 1446(b)(2)(A)). Failure to comply with this "rule of unanimity" is a basis for remand. *See id.* at 152-53.

"[S]tatutory procedures for removal are to be strictly construed," and a court must "resolve any doubts against removability." *Id.* at 150 (alteration and citations omitted). Furthermore, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Meeks v. City of Rochester*, 2022 WL 13789086, at *1 (W.D.N.Y. Oct. 24, 2022) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)).

## DISCUSSION

The petitioners contend that removal was procedurally improper here because Griewisch did not express his consent to remove directly to this Court within the 30-day removal period. Docket Item 7-3 at 4-6. The removing respondents counter that removal was proper because evidence of Griewisch's consent—the email correspondence from his attorney to counsel for his co-respondents—"was supplied to

3

the Court . . . within the 30[-]day time period for removal." Docket Item 9 at 5-8. The respondents' argument is unavailing.

District courts in this Circuit regularly find that the rule of unanimity is not satisfied when "a defendant who has not signed the removal petition . . . merely advise[s] the removing defendant that it consents to removal and . . . the removing defendant . . . represent[s] such consent to the Court on its behalf." *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, *7 (S.D.N.Y. Jan. 25, 2023) (citations omitted).[2] And two Second Circuit cases comport with that interpretation of the rule.

In *Pietrangelo v. Alvas Corp.*, the Second Circuit held "that the [non-removing] defendants must *independently* express their consent to removal." 686 F.3d 62, 66 (2d Cir. 2012) (emphasis added). In the notice of removal in that case, the removing defendants "represented that the other defendants had consented to removal and would

---

[2] *See, e.g.*, *In re Village of Kiryas Joel*, 2012 WL 1059395, *3 (S.D.N.Y. Mar. 29, 2012) ("Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." (collecting cases)); *Stewart v. Atwood*, 834 F. Supp. 2d 171, 177 n.5 (W.D.N.Y. 2012) (noting that under the rule of unanimity, "[e]ach named defendant who is served must timely file with the court some form of unambiguous written evidence of consent to removal" (citation and internal quotation marks omitted)); *see also Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998) ("The Court is not convinced that the letters from various individual defendant annexed as supporting exhibits . . . constitute a valid written consent to removal" because "they were not communicated directly to the Court."); *DiPasquale v. City of Buffalo*, 2015 WL 4761458, *1 (W.D.N.Y. Aug. 11, 2015), *report and recommendation adopted*, Case No. 15-cv-565, Docket Item 19 (W.D.N.Y. Aug. 12, 2015) ("[W]here 'the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period.'" (quoting *Metro Transp. Auth. v. U.S. Fidelity & Guaranty Co.*, 2015 WL 1730067, *4 (S.D.N.Y. Apr. 14, 2015))).

formally notify the court of their consent." *Id.* at 64.  The non-moving defendants then "submitted letters to the district court confirming their consent." *Id.*  The Second Circuit found that the independently submitted letters from the consenting defendants satisfied the rule of unanimity.  *Id.* at 66.  But it specifically noted that the letters were submitted to the district court "within the thirty-day removal period," *id.*—suggesting that consent communicated to the district court after the removal period ended would not have satisfied the rule.

*Taylor*, a more recent decision, reaffirmed the Second Circuit's strict interpretation of the rule of unanimity.  In that case, the court reiterated that "[i]t is well-established that defendants must independently express their consent to removal." *Taylor*, 15 F.4th at 151.  It went on to hold that "the removal statute [does not] allow[] a defendant to consent to removal after the thirty-day deadline for removal lapses." *Id.* "To read the removal statute as permitting late consent would not only overlook the statute's clear language," the court found, "but would also undermine the rapid determination of the proper forum," one of the "goal[s] of the removal procedures." *Id.* (citation and internal quotation marks omitted).

So at least within this Circuit, it is clear that all defendants—or all respondents, as is the case here—must communicate their consent to remove directly to the court within the 30-day removal period.[3]

---

[3] The removing respondents do not address the case law within this Circuit, and their reliance on an out-of-circuit decision with facts similar to the facts here is not persuasive.  *See* Docket Item 9 at 5-8 (arguing that "this case is on all fours with" *Rola v. Kubota Tractor Corp.*, 2022 WL 16552789 (D. N.J. Oct. 31, 2022)).  In fact, the *Rola* court acknowledged that "[t]he form in which [a non-removing defendant's] consent must come . . . varies from circuit to circuit," suggesting that its decision does not have

Here, the respondents did not satisfy the rule of unanimity.  The email from Griewisch's attorney, which was attached to the notice of removal, was not an independent communication from Griewisch to this Court expressing his consent to removal, as is required to satisfy the rule of unanimity in this Circuit.  And Griewisch's notice of consent to removal was filed long after the 30-day removal period ended.  That late-filed consent cannot cure the defect here.  *See, e.g.*, *Taylor*, 15 F.4th at 151 ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.").

"The failure of any [respondent] to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case."  *Kiryas Joel*, 2012 WL 1059395, at *3 (citation omitted).  While that outcome may seem harsh here, "[t]his straightforward application of 28 U.S.C. § 1446(b)(2)(B) is consistent with [the] presumption against removal" and the statute's "clear language."  *Taylor*, 15 F.4th at 151; *see id.* at 153 ("At bottom, nothing in the statute provides a court with *any discretion* to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." (emphasis added)).

---

persuasive effect outside the Third Circuit.  *Rola*, 2022 WL 16552789, at *2 (describing the different requirements for a non-removing defendant's consent in different circuits).

For that reason, the removal here was defective and this action must be remanded to state court.[4]

## **CONCLUSION**

For the reasons stated above, the petitioners' motion to remand, Docket Item 7, is GRANTED. The case is REMANDED to New York State Supreme Court, Chautauqua County. The Clerk of the Court shall close this case.

SO ORDERED.

Dated: November 20, 2023
Buffalo, New York

     */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[4] The petitioners provide an alternative argument in support of remand, *see* Docket Item 7-3 at 6-8, but this Court need not and does not consider that argument in light of the above.